The Honorable Ion Sancho Leon County Supervisor of Elections 301 South Monroe Street Tallahassee, Florida 32301-1833
Dear Mr. Sancho:
You ask the following question:
Is the Supervisor of Elections required to maintain the confidentiality of certain information relating to individuals designated in section119.07(3)(i)1.-3., Florida Statutes, when such information appears on petitions or, in the event such an individual is a candidate for office, papers associated with a campaign, such as a Form 6 Financial Disclosure or Statement of Candidacy?
Generally, records of the state and local governments are public records open for inspection by any person.[1] Every person having custody of a public record "shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or the custodian's designee."[2]
Section 119.07(3)(i), Florida Statutes, provides for the confidentiality of home addresses, telephone numbers, social security numbers, and photographs of specified public officials, employees, and other persons. There are similar exemptions from the disclosure provisions in section119.07(1), Florida Statutes, for the spouses and children of such officials and employees that extend to their places of employment and the names and locations of schools and day care facilities attended by their children.[3]
The Legislature, however, has distinguished between agencies that are the employer of such individuals and those that are not, but who may be custodians of the information made confidential and exempt by section119.07(3)(i), Florida Statutes. Section 119.07(3)(i)4., Florida Statutes, provides:
"An agency that is the custodian of the personal information specified in subparagraph 1., subparagraph 2., or subparagraph 3. and that is not the employer of the officer, employee, justice, judge, or other person specified in subparagraph 1., subparagraph 2., or subparagraph 3. shall maintain the confidentiality of the personal information only if the officer, employee, justice, judge, other person, or employing agency of the designated employee submits a written request for confidentiality to the custodial agency."
Thus, a custodian who is not the employer of an individual whose personal information is made confidential pursuant to section 119.07(3)(i), Florida Statutes, must maintain the confidentiality of such information when requested to do so in writing by the protected person or his or her employing agency.
In Attorney General Opinion 97-67, this office was asked whether the clerk of court must maintain the confidentiality of information made confidential or exempt by section 119.07(3)(i), Florida Statutes, when such information is placed in the Official Records identified in section28.222, Florida Statutes, and the protected party has requested the custodian to maintain the confidentiality of the information. The question had arisen in the context of when a law enforcement officer is a party to a real estate transaction and information, such as the officer's home address, is recorded in the Official Records. While observing that Official Records are public records, and access to those records serves a great public interest in ensuring the accuracy of real estate transactions, this office recognized that the Legislature has exempted certain information relating to law enforcement officers from disclosure and specifically authorized the non-employing custodian of such information to keep it confidential when requested to do so in writing by the officer. No exception from this exemption was found for documents contained in the Official Records. It was concluded that the Official Records are subject to the confidentiality provisions in section119.07(3)(i), Florida Statutes, when confidentiality has been requested as provided in the statute.
Similarly, personal information made confidential under section119.07(3)(i), Florida Statutes, that may appear on petitions or, in the event such an individual is a candidate for office, papers associated with a campaign such as a Form 6 Financial Disclosure or Statement of Candidacy, would maintain its confidential status only if the officer, employee, justice, judge, other person, or employing agency of the designated employee submits a written request for confidentiality to the custodial agency. No provision in the Florida Election Code has been brought to the attention of this office that would otherwise affect the operation of section 119.07(3)(i), Florida Statutes.
Accordingly, in the event you are requested in writing to maintain the confidential status of personal information appearing in a petition or campaign papers pursuant to section 119.07(3)(i)4., Florida Statutes, it is my opinion that you must maintain the confidentiality of such information.
Sincerely,
Charlie Crist Attorney General
CC/tls
[1] See s. 119.01, Fla. Stat.
[2] See s. 119.07(1), Fla. Stat.
[3] See s. 119.07(3)(i)1.-3., Fla. Stat.